JAMES A. CLARK, Jr., PLAINTIFF-APPELLEE, v. MARION S. BALDWIN AND MARY S. BALDWIN, EXECUTORS OF THE ESTATE OF CLARENCE W. BALDWIN, DECEASED, DEFENDANTS-APPELLANTS.

Submitted January 26, 1929—Decided June 28, 1929.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the appellants, *William J. McCormack* and *Horace & Henry T. Stetson* (*Charles F. Mapletoft,* of counsel).

For the appellee, *Richard J. Fitzmaurice.*

PER CURIAM.

This is a broker's suit for commission where judgment for $500 was recovered by the plaintiff in the District Court, and the defendants appeal.

The case was heard by the trial judge sitting without a jury.

At the trial it appeared that the employment was in the form of a letter dated May 9th, 1928, addressed to the plaintiff, as follows:

"Confirming my conversation with you of recent date, I beg to advise you that until further notice in writing, I will accept fifteen hundred dollars ($1,500) net to me, for the

property owned by the estate of Clarence W. Baldwin on River street, in Orange and East Orange. Anything in excess of this amount, namely, $1,500, is for your remuneration, instead of a stipulated commission. Please remember that I reserve the right to withdraw this price at my pleasure, without stating a reason for so doing, and also reserve the right to sell it myself or through some other agent if opportunity offers.

Trusting that this is satisfactory to you and that you may be able to find a buyer in the near future, I beg to remain," &c.

The first point is that the court erred in refusing to nonsuit the plaintiff, the contention being that the contract did not comply with the statute of frauds because it does not specify the rate of commission on the dollar. But this contention is contrary to the decision of this court in the case of *Mendels* v. *Danish,* 74 *N. J. L.* 333, and approved by the Court of Errors and Appeals in *Haber* v. *Goldberg,* 92 *N. J. L.* 367. This point, therefore, is not well taken.

The second point in substance is that the motion for nonsuit should have been granted because, as was contended, the plaintiff could not "recover until the owner received the sum of $1,500." We think this point is without merit. The testimony showed that the plaintiff procured a purchaser who entered into a written contract with the owner for the purchase of the property, making a deposit of $100. The trial judge found as a fact that the evidence disclosed that the purchaser "was ready, willing and able to carry out that contract," and the evidence justifies that finding. Appellants do not contend that the purchaser was not found; indeed they cannot, because a written contract was entered into between them, nor do they seem to contend that the purchaser was not responsible and able to carry out his contract, and if they did that contention would be in the face of their own evidence. The contract called for the payment of $2,000, and under the terms of the employment between the plaintiff and the defendants, all excess over the sum of $1,500 was the com-

mission to the broker, and such was the judgment rendered by the trial judge.

We believe that these observations, in effect, dispose of every question raised and argued on this appeal.

The judgment will be affirmed, with costs.